Good morning, your honors. Jamie Goldberg, representing the Vancouver Police Officers Guild. The district court in this case split a baby, basically. It took an NLRA claim, a federal claim, dismissed it on the merits, as it turns out, and cut away, remanded just a motion, just a motion, to state court. That's not quite correct. Excuse me, your honor. He granted a judgment on the pleadings and remanded the case back to superior court. Your honor, all that was left of the case was the motion. There was a case, wasn't there? There was a case. He granted a judgment on the pleadings as to the claim. He didn't preclude any amendment or anything. Then he said, I'm going to remand the case. Your honor, as stated in the brief, my view is that when the case, the only thing in the case that's left is a motion, he called it a case, certainly. Well, there was a case. Does a motion make a case? That is my question. My question, my view is that... Let me ask you, why did you remove this case to begin with? It stated an NLRA claim. Well, you knew at the time that it was frivolous, right? I don't believe it's frivolous. When you saw that complaint in an alleged NLRA claim... Yes. And you represent the union, right? I do. And you didn't think it was frivolous? I think it was improperly pleaded. I don't think it was frivolous. Tell me why you didn't think it was frivolous or without merit. Because according to Bell v. Hood, a mistake in the pleading does not make a case frivolous. It does not mean it's not... The plaintiff intended to invoke federal jurisdiction. So your position then, when it was removed to federal district court, that it was properly removed and jurisdiction existed at the time of removal? Yes, because the federal claim was stated. And Bell v. Hood and Albingia both backed that up, that if the plaintiff without... And the frivolous applies to, you know, if there's many claims or if they're accidental. The only law that's invoked in the complaint is, say, NLRA. In fact, sections of the NLRA are cited. There's no reference to state claims. So certainly it was an improper pleading, and certainly the federal law was invoked. And as an advocate, I was bound to have it removed, and the plaintiff had plenty of time to... So what's your... So let me... So what's your... Then... So it was properly removed. Yes. The district court granted judging on the pleadings on the claim that was alleged. Yes. In front of the judge was a motion to amend. He didn't rule on it. And he said, instead, there's no longer a federal claim. It goes back to federal... It goes back to state court. I'm not going to assert supplemental jurisdiction. What's wrong with that? Because the state claim was never in state court. First of all, it wasn't a state claim. The motion was not even in state court. The motion to add state claims... No, but the district court judge always has discretion to decide whether or not to assert supplemental jurisdiction, and he decided not to assert supplemental jurisdiction. Well, over a motion. Over a motion. Over the case. Suppose he decided the motion, then what? Suppose he said, yes, okay, I'm going to let you amend, and here's the state claim, and now I'm going to return it to state court. Well, Judge Reinhart, and I perhaps have missed some cases. I've done research, and maybe my computer skills aren't what they should be, but I have seen no case, no case anywhere, that allows the remand of just a motion. No, no, you didn't answer Judge Reinhart's question. Suppose he ruled on the motion and said, okay, you can amend and you can assert a state claim, but then I'm going to remand it. Would that have been all right? Well, I think I would have argued against that as well. Why? Because we have an improper federal claim over which the federal court had jurisdiction. The pleader chooses the form, the pleader chooses the law, and so if the federal court had jurisdiction and there's a motion to amend the complaint, the federal judge could have said, motion granted. Now we've got just a state claim, and I'm not asserting, I'm not going to assert supplemental jurisdiction over that claim. You're going back home. Well, I'm sure I would have argued against that. No, what's wrong with that? He could have done that, right? Well, because the federal claim was a defective claim, and everybody could see that by that time. You could see it always. Nothing happened by that time. But something could have happened before that. There could have been state claims raised before the statute of limitations ran on the federal claim. There could have been a motion to amend the federal complaint before the statute of limitations ran on the federal claim. That didn't happen. So what we had left was an NLRA claim that the federal court had jurisdiction over and a motion attached to it after the statute of limitations. I'm sorry, anything else I can answer on that? I'm not sure why the statute of limitations. Was that raised in the federal court? Well, the order, part of the rationale of the order cited Carnegie Mellon and stated that it would be unfair not to send the motion back to state court because the statute of limitations had run on the plaintiff's claim on their time to file the state claim. And the court cited Carnegie Mellon. But they filed a timely complaint initially. When the initial complaint was filed in state court, it was timely, correct? Correct. So under ordinary principles of removal and remand, there would be no statute of limitations problem, correct? With the federal claim that was filed. Yes, the federal claim filed in state court was filed within the statute of limitations. And when the federal claim was removed to federal court, the clock was running. And the state. What do you mean the clock was running? Well, after a certain amount, the clock was running on adding state claims because the statute of limitations over time would be up to it. Well, they have the relation back, Doctor, and all other kind of notions that just statute of limitations really isn't a problem here. And if it was a problem, when it got back to superior court, the superior court judge could determine whether or not it was barred by the statute of limitations. Well, obviously, Your Honor. But the rationale cited by the district court judge of why it would be unfair not to remand, as opposed to just dismissing the case and letting petitioner, or excuse me, respondent plaintiff walk into state court, file new claims, the reason the court didn't do that was because the court cited Carnegie Mellon and talked about how unfair it would be. And Carnegie Mellon has never been applied to a motion. It's been applied to cases that started in state court where state claims were then removed to federal court, along with federal claims. The federal claim is dismissed, and there are state claims left. And Carnegie Mellon says on basis of economy, convenience, fairness, and comity, that's okay to send those live state claims back to the state. Here, there were no state claims at all. And the court relied on Carnegie Mellon, the district court. Well, it's just, you know, Judge Reinhardt just, as he noted, if the judge had just simply granted the motion to amend, there would be a state claim, and none of this, all this discussion about removal and whatnot really wouldn't be, we wouldn't be discussing it. Well, I guess I'm repeating myself to say we had a.   Thank you, Your Honor. Anything else I can answer at this time? Thank you. Good morning. May it please the court, Lynn Nakamoto for Julie Ballew. Ms. Ballew has two submissions for the court. One is that there is no jurisdiction for the appeal by statute. The second is that in the alternative, if the court has jurisdiction over the appeal, the trial court correctly ruled to remand the case. First, with regard to the appellate jurisdiction question, Section 1447D bars appellate review of cases that are remanded based on jurisdictional grounds, pursuant to 14. You didn't say he was remanding it based on jurisdiction. No. He does not mention, the trial judge does not mention 1447C. He says that he's got federal jurisdiction. Correct. And the way I read the decision is that he acknowledges that there were grounds for removal because of the federal claim asserted in the superior court in Washington. Do you agree that your allegations in the complaint that the claims under the National Labor Relations Act, excuse me, were frivolous? They were erroneous. I'm not sure what frivolous means in this context, but they were clearly erroneous. Well, frivolous in the sense that it was unreasonable for anyone to think there could be a federal claim involved. Frivolous from the perspective of federal jurisdiction, not in the sense that she wasn't wronged in the ways otherwise described. Okay. Yes, I acknowledge the person knowledgeable about a duty of fair representation claim involving a police officer would say, oh, you cannot bring it under the NLRA, you must bring it under the state analog PECPA. So I acknowledge that. So if you're looking at whether the question was from the get-go was there removal jurisdiction, I still think there was removal jurisdiction because on the face of the pleading, it looked like there was a federal claim. It didn't look like it if you knew anything about the law. Okay. All right. In which case, we shouldn't be here. Right. Correct? Because this court has no jurisdiction to review. A lack of jurisdiction. A lack of jurisdiction. Everybody here says that there was federal jurisdiction. We're not bound by anything you say, but it is kind of amazing. Correct. Correct. What's correct? That we're not bound by what she says. Yes. So, yes, that is one possibility. There was no removal jurisdiction from the get-go. Let me ask you this. Do you think there was a case left after the judge granted the judgment on the pleadings on the claim that was pending? Yes, absolutely. There was a case. There was a case. There was a pending motion for leave to amend the complaint to add three state law claims. So then if there was a case left and the judge said, well, we got rid of the federal claim, there's only a case, there's a pending collector of state claims, and I'm not asserting supplemental jurisdiction, going home. Bye. That was proper, right? That was proper. Assuming there was a case. Correct. But I think there was, and the district court decided. You know, we know it's the decision that the district court wrote was not altogether clear. But we know that the district court decided it wasn't going to rule on the motion to amend. It knew that it had lost the federal question basis for jurisdiction to the extent it existed. And then it decided, okay, you're going to go back and we're going to deal with all of the amendments and the relation back of your complaint in terms of the statute of limitations in the state court. I'm not going to deal with it. So that was implicitly a jurisdictional determination, and therefore the court has no jurisdiction to hear this appeal. Thank you. All right. Okay. All right. Thank you very much. Your Honors, the complaint was clear but erroneous. It was clear. The complaint cited the NLRA twice, did not cite any other law. So now you're saying it's frivolous. No. Erroneous. And the clearly erroneous. If you look at their decision in Albingia, I don't know if I pronounced that correctly, verse slung, however that's pronounced. The court relied on Bell v. Hood and talked about, if it's well settled that failure to state a proper cause of action calls for a judgment on the merits and not dismissal for want of jurisdiction. And there's no doubt that the plaintiff intended to bring the NLRA at issue. And that's it. I won't answer any other questions in the 34 seconds left. Thank you. Thank you very much. The case just argued will be submitted. The court will take a brief recess and then return.
judges: Reinhardt, Graber, Paez